## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## FOURTH DIVISION

SCOTT C ANDERSON

and

CHELSIE M ANDERSON,

    Plaintiffs,

v.

AMERICAN ACCOUNTS & ADVISERS, INC.

and

CHARLES E SCHUYLER

and

KEVIN D SCHUYLER

and

RICHARD J MALACKO,

    Defendants.

Case File No.

**RECEIVED**

**BY MAIL**

**MAR 21 2014**

**CLERK, U.S. DISTRICT COURT**
**ST. PAUL, MN**
**COMPLAINT**

**JURY DEMANDED**

## INTRODUCTION

Plaintiffs Scott and Chelsie Anderson, adult individuals and citizens of

Minnesota, sue Defendant debt collectors for actions under the Fair Debt

SCANNED

MAR 21 2014

U.S. DISTRICT COURT ST. PAUL

Collection Practices Act (FDCPA) 15 U.S.C. § 1692.  Plaintiffs demand trial by jury.

## JURISDICTION

1. Plaintiffs include a majority of claims that arise under the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692.

2.  Jurisdiction is to be held in this court following compliance with 15 U.S.C. § 1692k(d).

## VENUE

3. Plaintiffs are husband and wife domiciled at 4811 Education Drive #6, Hugo, Minnesota 55038.

4.  Defendant American Accounts & Advisers, Inc. (American Accounts) is an entity within the State of Minnesota with a principal place of business at 7460 80th Street, Cottage Grove, Minnesota 55016.

5.  Defendant Charles Edward Schuyler (Charles Schuyler) is a person domiciled at 1315 Kenilworth Drive, Woodbury, Minnesota, 55125.

6.  Defendant Charles Schuyler is employed by American Accounts within the State of Minnesota at 7460 80th Street, Cottage Grove, Minnesota 55016.

7.  Defendant Kevin Donald Schuyler (Kevin Schuyler) is a person domiciled at 2201 Lamplight Drive South, Woodbury, Minnesota 55125.

8. Defendant Kevin Schuyler is employed by American Accounts within the State of Minnesota at 7460 80th Street, Cottage Grove, Minnesota 55016.

9. Defendant Richard James Malacko (Malacko) is a person domiciled at 9148 Cambridge Alcove, Woodbury, Minnesota 55125.

10. Defendant Richard Malacko is a licensed attorney doing business as Malacko Law Office within the State of Minnesota registered as an assumed name at 332 Minnesota Street #W1610, St. Paul, Minnesota, 55101.

11. Malacko Law Office is simply an assumed name holding no status as an independent entity and is a sole proprietorship. Wherefore, Malacko Law Office and Richard James Malacko shall be synonymous with regard to this lawsuit.

12. Richard James Malacko is an attorney working at "Earl Gray Defense", a criminal defense firm located at 332 Minnesota Street #W1610, St. Paul, Minnesota, 55101.

## FACTS

13. Plaintiff Scott Anderson is a consumer with reference to the FDCPA.

14. Defendants are 3rd party debt collectors in reference to the FDCPA.

15. American Accounts is currently licensed by the State of Minnesota as a debt collector; license #8001194.

16. Neither Malacko nor Malacko Law Office is a licensed debt collector in Minnesota and under information and belief, Malacko and his employees are

operating exclusively under the aegis of Richard Malacko's current Minnesota Law License #0184421 with regard to the collection of debt.

17. Plaintiffs have never done prior business with consideration in any way with Defendants.

18. On or about 12-27-2013, Defendants through Charles Schuyler left a message on Plaintiff's voicemail.

19. In said voicemail, Charles Schuyler discloses "My name is Chuck Schuyler, and I work for a law firm called the Richard Malacko Law Office...and we're calling to get your side of something we're handling, we reference it as J87991..."

20. Charles Schuyler left a return phone number of 651-287-6145.

21. Under information and belief said number is not to the location of "Malacko Law Office", but to the physical location of American Accounts which has a main number of 651-287-6100 with all other known numbers to American accounts beginning with the area code and prefix of 651-287.

22. Under information and belief, "Malacko Law Office" is simply a mirage company with intent to deceive consumers into believing a law firm is involved with accounts actually held by American Accounts and does not actually perform substantial, if any, legal services.

23. Malacko Law Office lacks a physical location and its assumed named is registered to Richard Malacko at 332 Minnesota Street #W1610, St. Paul, Minnesota 55101 which has a physical location of that of Earl Gray Defense Firm.

24. The alleged debt title holder which defendants were attempting to collect was Summit Orthopedics, Ltd.

25. Under information and belief, Richard Malacko, Malacko Law Office, American Accounts, Charles Schuyler, nor Kevin Schuyler have directly represented Summit Orthopedics in any lawsuit against a consumer or debtor.

26. Under information and belief, Summit Orthopedics uses Attorney Steven Rosso and Attorney Steven Toms of Como Law Firm, P.A. to try their civil cases against consumers and/or debtors.

27. The deceptive use of Malacko Law Office is known of and condoned by all defendants in this action.

28. Richard Malacko recklessly allowed American Accounts and its employees to unethically use his law license to masquerade as a law office when it wasn't in practice.

29. Richard Malacko allows dual employment of American Accounts and Malacko Law Office personnel placing himself with shared liability as Malacko law office is a sole proprietorship.

30. Better Business Bureau records show complaints made against Malacko Law Office are responded to by American Account employees with return telephone numbers of 651 area codes and 287 prefixes (supra).

31. Malacko Law Office has a web page of www.malackolawoffice.com which shows a telephone number of 651-332-5111.

32. Under information and belief, 651-332-5111 is an unattended telephone number which forwards exclusively to a voicemail for a "Richard Mason" who was later identified as Kevin Schuyler of American Accounts.

33. Under information and belief no telephone calls associated under the guise of Malacko Law Office concerning debt collection are handled at its registered name's address, but rather at American Account's address.

34. Under information and belief Richard Malacko doesn't handle any collection calls himself but rather has bestowed all authority upon employees located at the physical location of American Accounts.

35. Malacko Law Office and American Accounts share boxes at the same United States Post Office located in Cottage Grove, Minnesota.

36. Under information and belief the correspondence mailed to both boxes are collected by the same individuals.

37. Malacko Law Office nor Richard Malacko have any employees registered as debt collectors with the Minnesota Department of Commerce.

38. Under information and belief Richard Malacko does not provide significant, if any, legal services for American Accounts in Cottage Grove, MN, but rather works at a criminal defense firm in St. Paul, MN.

39. Richard Malacko accepts and shares liability for the actions of individuals invoking the name of Richard Malacko and that of the sole proprietorship of Malacko Law Office.

40. Said voicemail left by Charles Schuyler was a communication made to Scott Anderson.

41. In said voicemail, Charles Schuyler fails to state that he is a debt collector.

42. Charles Schuyler is currently licensed by the State of Minnesota as a debt collector and current employee of American Accounts; license #3001305.

43. In said voicemail, Charles Schuyler uses a name that is not lawfully registered to his Minnesota Debt Collector's license as his only previous and now expired registered alias is that of "Chuck Taylor".

44. Shortly after hearing the voicemail, Mr. Anderson acting under marital obligation and constructive compulsion informed his wife and plaintiff Chelsie Anderson that a law firm was calling concerning an undisclosed matter that he was a party to and that it had a case number already assigned to it.

45. This conversation between husband and wife created conflict and distress amongst the couple.

46. Disclosure that the communication was from a debt collector would have partially alleviated the mysterious nature of the call and mitigated the distress as Plaintiff's weren't certain Mr. Anderson was or wasn't being charged with a criminal matter.

47. On 01-01-2014, Mr. Anderson telephoned 651-287-6145 and received a voicemail which identified the holder as "Chuck Schuyler with the Richard Malacko Law Office".

48. On 01-02-2014, Mr. Anderson telephoned 651-287-6145 and spoke with Charles Schuyler while he was using the alias Chuck Schuyler.

49. During said call Charles Schuyler threatened that Mr. Anderson was being sued by Summit Orthopedics and that they "signed off and sent it over to this law firm".

50. Charles Schuyler again did not identify himself as a debt collector but rather a "paralegal".

51. Charles Schuyler stated with regard to lawsuits that he "does the paperwork" for Richard Malacko.

52. Under information and belief, Charles Schuyler has never written or prepared any legal "paperwork" or documents for any of the defendants.

53. Charles Schuyler threatened if Mr. Anderson fails to comply, "You're not going to get hounded by calls or letters, we've got it set up to go".

54. After Mr. Anderson inquired what "ready to go" meant, Charles Schuyler followed by threatening, "We have a process server ready to come out and serve you".

55. Charles Schuyler threatened, "We verified the validity of the debt and you're acknowledging also, and the next step here is to have somebody put paperwork on front door...and we would get a judgment against you".

56. Mr. and Mrs. Anderson suffered distress and apprehension at the threat of a person invading the quiet enjoyment of their property and abode.

57. Charles Schuyler threatened that Defendants would garnish both his paycheck and bank account and that Summit Orthopedics had obtained his private bank account information.

58. Mr. Anderson felt his privacy rights were violated by defendants obtaining his private banking information and in fact may have been violated which will be determined upon further discovery upon defendants.

59. Plaintiffs suffered distress of this claim of invasion of privacy and property.

60. Charles Schuyler stated that his employer was not a collection agency.

61. Charles Schuyler affirmed that he works for "Richard Malacko Law".

62. Charles Schuyler is employed by American Accounts.

63. Charles Schuyler was acting agent for both Malacko and American Accounts in all facts concerning this present action.

64. Charles Schuyler stated that he had a number of Mr. Anderson's bills placed with his office and they were all bundled to make it "easier to sue somebody".

65. Charles Schuyler threatened that Mr. Anderson would suffer consequences including a judgment reported on his credit report for seven years, higher insurance costs, and garnishment when he obtained gainful employment.

66. Charles Schuyler stated that Mr. Anderson only had "a few days" before suit was filed and later stated a couple days to a couple weeks at most.

67. Defendants did not file suit against Plaintiffs within a couple weeks of the previous statement.

68. It is not a common or even existing practice for either Malacko Law Office, Richard Malacko, nor American accounts to sue alleged debtors for alleged debts or represent creditors in legal actions against consumers.

69. Defendants did not have an actual intent to sue Plaintiffs.

70. Charles Schuyler stated that Summit "Signed off on October 17th" to have Mr. Anderson served with process and sued.

71. Charles Schuyler stated that due to the "Affordable Care Act" that medical agencies are more willing to use attorneys rather than a collection agency.

72. Charles Schuyler stated that Attorney Malacko only handles cases concerning collection law and emphatically stated that Malacko doesn't practice any other law.

73. According to the Minnesota Case Information System, this statement is false and that most of the cases handled by Malacko with a notice of appearance in the past few years are vastly criminal defense matters with a few unlawful detainers and a couple other non credit civil matters.

74. Malacko is employed and/or partnered with a criminal defense firm.

75. Malacko is aware that defendants invoke his name and Malacko Law Office with regard to collection of alleged debts.

76. Mr. Anderson stated that he was unemployed and had a wife and two children.

77. Mr. Anderson requested from Charles Schuyler an audience with Richard Malacko and was refused stating that Malacko doesn't speak with alleged defendants.

78. Charles Schuyler knew with substantial certainty that his statements would be relayed to and distress Chelsie Anderson.

79. Shortly after ending the phone call with Charles Schuyler, Mr. Anderson was able to locate via the internet the main number to the office Charles Schuyler was calling from, 651-287-6100.

80. Mr. Anderson dialed said number in an attempt to speak with Richard Malacko.

81. A female who answered the call identified the business as "American Accounts".

82. After said female was asked by Mr. Anderson to allow him to speak with Malacko, the female transferred Mr. Anderson to a voicemail with Schuyler's voice and identifying himself as "Chuck Taylor" from "American Accounts and Advisers".

83. Mr. Anderson left a voicemail specifically for Malacko to return his call due mainly to his wife's insistence.

84. To date, Malacko has never returned this requested phone call.

85. Mr. Anderson again called back and spoke again with the previous female who refused to give Malacko's phone number after Mr. Anderson requested it due to previously being transferred to Charles Schuyler's voicemail after such request.

86. Said female told Mr. Anderson to hold while she got Malacko's phone number and instead transferred him to Kevin Schuyler who answered his phone "Richard Mason/Malacko Law".

87. Kevin Schuyler identified himself as "Richard Mason".

88. Richard Mason is not a legally registered alias with the Minnesota Department of Commerce for Kevin Schuyler.

89. Kevin Schuyler is not an attorney or partner or holds any pecuniary interest in the ownership of "Malacko Law Office".

90. Mr. Anderson informed Kevin Schuyler that his wife is concerned and worried as a result from the previous threats made by defendants and insisted that he speak with Richard Malacko after which Kevin Schuyler responded that if Mr. Anderson spoke with Malacko that he will "get a bill for it".

91. Mr. Anderson continued to inform Kevin Schuyler that his wife is having a "nervous breakdown" over the threats of a lawsuit and execution on judgment.

92. Kevin Schuyler continued the same legal threats as Charles Schuyler and now included threats of "additional fees" and the "State of Minnesota" pursuing Mr. Anderson.

93. Kevin Schuyler informed Mr. Anderson after inquiry that they will also be obtaining and executing judgment against his wife, Chelsie Anderson, claiming that it's the "law in Minnesota".

94. Chelsie Anderson has no legal liability of any debt alleged by defendants.

95. Minnesota is not a "Community Property" state.

96. In response to Mr. Anderson's continued informing of his wife's anxiety and distress over the situation, Kevin Schuyler insulted Mr. Anderson by disparaging his wife by inquiring if she was on "medication".

97. Kevin Schuyler insisted that he does not work for a collection agency, but rather a law firm.

98. At no time during the conversation does Kevin Schuyler identify himself as a debt collector.

99. Kevin Schuyler is a licensed debt collector; license #40164768 with expired aliases of "Don Kiner" and "Richard Mason".

100. Kevin Schuyler is employed by American Accounts.

101. Kevin Schuyler intended and knew with a substantial certainty that the threats made against both Mr. and Mrs. Anderson would be relayed to Mrs. Anderson and cause distress.

102. On February 24th, 2013, Mr. Anderson sent notice via the United States Postal Service to Defendants demanding a cease and desist in all collection efforts.

103. The Minnesota Department of Commerce has taken formal administrative action against American Accounts in at least one other incident independent of Plaintiffs' and their current claims made in this lawsuit where they were sanctioned for being "verbally abusive to a third party".

104. Defendants actions were intentional and reckless.

105. Defendants conduct was extreme and outrageous.

106. Plaintiffs suffered severe emotional distress.

107. Defendant's actions caused extreme emotional distress.

**CLAIM I:  15 U.S.C. § 1692e False or Misleading Representations**

108.  Plaintiffs reallege and reassert each and every claim and averment above.

109.  Defendants continually misrepresented themselves and the status of the alleged debts of the Plaintiffs.

110.  Defendants threatened action they did not intend and also actions they legally could not act upon in collection of the alleged debt.

111.  Defendants inflicted damages upon Plaintiffs.


**CLAIM II:  15 USC 1692d Harassment or Abuse**

112.  Plaintiffs reallege and reassert each and every claim and averment above.

113.  Defendants made numerous threats with intent to have a natural consequence to oppress and abuse the Plaintiffs and deprive them of property.

114.  Defendants inflicted damages upon Plaintiffs. .


**CLAIM III:  15 USC 1692f Unfair Practices**

115.  Plaintiffs reallege and reassert each and every claim and averment above.

116.  Defendants made threats to take property of Plaintiff Chelsea Anderson when there were no actual or theoretical judicial actions available to Defendants.

117.  Defendants made numerous attempts which were unfair and unconscionable in an attempt to collect an alleged debt.

118.  Defendants inflicted damages upon Plaintiffs.

**CLAIM IV: Common Law Intentional Infliction of Emotional Distress**

119. Plaintiffs reallege and reassert each and every claim and averment above.

120. Defendants with intent acted in an extreme and outrageous manner which caused severe emotional distress upon Plaintiffs.

121. Defendants inflicted damages upon Plaintiffs.


**CLAIM V:  Minnesota Statutes 332.37 Prohibited Practices**

122. Plaintiffs reallege and reassert each and every claim and averment above.

123. Defendants continually threatened legal process in violation of statute.

124. Defendants falsely and deceptively represented the status of the alleged debt, identity and character of the defendants.

125. Defendants made numerous violations of the FDCPA. [MN Stat. 332.37(12)]

126. Defendants inflicted damages upon Plaintiffs.


**CLAIM VI:  Minnesota Statutes 332.33 Licensing and Registration**

127. Plaintiff reallege and reassert each and every claim and averment above.

128. Defendants failed to register individual collectors' aliases involved in this suit with the Minnesota Department of Commerce.

129. Defendants Allowed individual collectors involved in this suit to use more than one alias.

130. Defendants inflicted damages upon Plaintiffs.

**ADDITIONAL CLAIMS: Pro Se Privilege**

Plaintiffs acting pro se retain the right per the United States Rules of Civil Procedure (District of Minnesota) to later glean additional claims from the aforementioned facts and upon amendment of the complaint as a result from further discovery.

**WHEREFORE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:**

- Entry of judgment against the defendants, jointly and severally;

- General damages against the defendants, jointly and severally, in excess of $20,000, or such sum as the jury shall award;

- Punitive and statutory damages;

- Costs and disbursements in accordance with law;

- Reasonable attorney fees; and

- All other legal, equitable, or declaratory relief against the defendants, jointly and severally, appropriate under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

# VERIFICATION

Having reviewed the above complaint, plaintiffs Scott and Chelsie Anderson affirm under penalty of law that all statements above, excluding those made on information and belief, are true to the best of plaintiffs' present knowledge.

Date: 03-06-2014

Scott C Anderson
4811 Education Dr. N.  #6
Hugo, MN 55038
612-940-2466

STATE OF MINNESOTA          )
                            ) SS.
COUNTY OF Anoka             )

Subscribed and affirmed before me this ___6___ day of ___march___ 2014.

Candice C Moseng
Notary Public

CANDICE C MOSENG
Notary Public
Minnesota
My Commission Expires January 31, 2015

Date: 03/6 2014

Chelsie M Anderson
4811 Education Dr. N.  #6
Hugo, MN 55038
612-940-2466

STATE OF MINNESOTA          )
                            ) SS.
COUNTY OF WASHINGTON        )

Subscribed and affirmed before me this ___6th___ day of ___MARCH___, 2014.

Carrie Johnson
Notary Public

CARRIE A. JOHNSON
Notary Public
Minnesota
My Commission Expires 01/31/2016

17